By the Court.—Monell, Ch. J.
The court at special term is understood to have held, that upon the pleadings the plaintiff had shown a case, for the equitable interposition of the court, to restrain the sale, if not prevented by the provisions of the act of the legislature of 1874 (Sess. Laws of 1874, ch. 312), which was in effect when the action was commenced. But the court decided that such act was a complete bar to the maintenance of the action.
*195 It is now insisted, first: that the subject of the action is not covered by or included in tbe provisions of the act; or, second, if it is, that the act is void.
The act of 1874 is mainly amendatory of the act of 1858 (Sess. Laws, ch. 338), relating to frauds in assessments, which authorized a judge of the supreme court at special term, to vacate assessments upon the allegation and proof of “any fraud or legal irregularity” thereon.
The amendment by the act of 1874, struck out the words “or legal irregularity,” and inserted “or substantial error i" so that the grounds for proceeding now are “fraud or substantial error.”
And a further amendment provided that “hereafter no suit or action in the nature of a bill in equity or otherwise, shall be commenced for the vacation of any assessment in said city, or to remove a cloud upon title ; but the owners of property shall hereafter be confined to their remedies in such cases to the proceedings under the act hereby amended.”
The nominal or specific relief the plaintiff seeks in this action, is to restrain the sale of his property by the corporation, and the collection of the assessment by any other mode or process ; and such relief, it is alleged, is not provided for by the act of 1858.
But to entitle the plaintiff to such relief, facts must be established invalidating the assessmentand the court must adjudge that some fraud or substantial error has been committed, which should and does render the assessment void. Fraud is one of the grounds, and the plaintiff has alleged it; and he claims several substantial errors, as other reasons for avoiding the assessment, and as justifying the restraint. These are the grounds of relief specified' in the act of 1858, as amended, and cover the case made by the plaintiff.
Under that act, the court is empowered to order an' assessment to be vacated and canceled, which is sub *196 stantially the same relief as restraining a sale under it, and is founded upon the same or similar allegations of fraud, or of substantial error.
It is clear, therefore, that the plaintiff could obtain as adequate relief under the amended act of 1858 as he could by his action in this court. Fraud, which is one of his grounds of attack, can be fully investigated under that statute ; and if found to exist, will authorize a vacation and cancelment of the assessment; and the words “substantial error” are comprehensive, and include any objection which is not merely an irregularity, or of a merely technical nature. And the latter two objections would fare no better in a court of equity than they do under the statute.
The vacation and cancelment of an assessment is all the relief the owner of property can desire. It necessarily restrains a sale or other proceeding for its collection, and removes the cloud upon the title, and these are the only results which the plaintiff claims.
But it is insisted that the act of 1874 is in conflict with the provision of the constitution (art. 6, § 13) which continued the superior court, with its then powers and jurisdiction.
It will not be contended, I think, that the legislature can take from this court any of the jurisdiction which it possessed at the time of the adoption of the judiciary article of the constitution in 1870. The jurisdiction was then so firmly fixed, that the court is removed from any interference by the legislature.
By this I must be understood to mean, that the legislature is powerless, by any express enactment or by any indirection, to abolish or repeal any statute which expressly or impliedly confers a jurisdiction upon this court. Prior to the constitutional article, this court had been the creation of the legislature, and its jurisdiction and powers were conferred and regulated by the legislature. It had no general jurisdiction, and *197 could exercise its functions as a court, only within the letter of some statute, in which its jurisdiction was defined.
But with such jurisdiction as the legislature- had from time to time given to it, and which existed on January 1, 1870, it was made-a constitutional court, with the “powers and jurisdiction ” it then had, which placed it beyond the power of legislative interference. And such I understand to be the view of the court of appeals in Landers v. Staten Island R. R. Co. (14 Abb. Pr. N. S. 346), where they say (p. 350): “Whatever jurisdiction those courts possessed, whether territorially or otherwise, is by the constitution put beyond legislative discretion, that is, the jurisdiction before statutory, is now exercised under the constitution.”
It is true that this court, at the adoption of the constitution, possessed sufficient equity jurisdiction, previously given it by statute, which would have brought the plaintiff’s case within its powers. And except for the act of 1874, this court could have entertained the action and granted the relief sought.
If, therefore, the construction could be given to the act, of depriving the court of a previously conferred jurisdiction, it would be open to the constitutional objection.
But I do not understand such to be a correct construction of the act.
It merely affects the remedy; and the legislature has always, and rightfully, assumed the power to change the forms of proceedings, and restricting them ' to prescribed tribunals. But merely affecting the remedy can not be claimed, except by the merest indirection, to be an interference with previously acquired jurisdictions.
It was not intended, in constitutionalizing this court, to so fix its jurisdiction that the legislature could not change the forms of procedure, or limit litigation to *198 certain other tribunals. Hence, any general laws affecting the mode of obtaining a remedy, and which apply to all courts of similar or co-ordinate jurisdiction, can not, in the sense intended by the constitution, be construed into an infringement of a constitutional power. Therefore, any general amendments of the code of procedure, which changes the forms or methods of proceedings in actions, or special proceedings, and which are made applicable to all the courts named in it, are within the constitutional power of the legislature.
This court certainly can not claim any greater exemption from legislative interference than the supreme court. By the same article of the constitution, it is provided, that “there shall be the existing supreme court, with general jurisdiction in law and equity.” By that provision, that court is as firmly fixed in its law and equity jurisdiction as this or any of the other courts mentioned in the article; and the act in question as effectually deprives the supreme court of its jurisdiction in the plaintiff’s case, as, it is contended, it deprives this court.
It was not intended, by continuing the existing courts with such jurisdiction as they then had, to-destroy or curtail the power of the legislature over the forms of proceeding, or the remedies furnished to-parties; and any legislation, which has no other effect than to limit the remedy, is valid.
This question received an incidental affirmation by the court of appeals in Lennon v. Mayor, &c. (55 N. Y. 361). The objection was not presented in that case as-it is in this ; but the court had under examination the. act of 1872, which deprives any court of power to vacate an assessment for any of the causes therein enumerated; and the objection was, not that it deprived the court of any of its jurisdiction, but rather-that as its effect was to validate a past assessment, it. *199 was taking private property within the constitutional inhibition. The court, however, without examining the objection as thus presented, say that the provision that no assessment shall be vacated, &c., “deprived the court of the power to grant that portion of the relief demanded in the complaint, which was refused. It was competent for the legislature to deprive the courts of the power to give this relief and the parties of the benefit, of this form of remedy. And although inconvenient to an owner to have an apparent lien upon his land, yet he has no such constitutional right to the aid of a court of equity to remove such cloud upon his title, that the legislature may not deprive him of that particular remedy.”
These remarks were made in a case arising in the court of common pleas of this city, a court possessing the same powers and jurisdiction as this court; and although the question does not seem to have been very fully examined, it must be regarded by us as a strong and decisive annunciation of the views of the court upon the subject of legislative power over remedies and modes of procedure.
As there is nothing in the act which deprives this court of any of its secured jurisdiction, but its effect being merely upon the remedy of the plaintiff, it must be declared to be a valid law. And the court below was correct in holding that the plaintiffs’ suit can not be maintained.
The order appealed from must be affirmed, with costs.
Van Vorst, J., concurred.